# Exhibit 1

to Plaintiffs' Motion for a Stay of Effective Dates Under 5 U.S.C. § 705, Or, In The Alternative, Preliminary Injunction

*CASA De Maryland, Inc. v. Wolf*, No. 8:20-cv-2118

## Summary of Rule Changes in Asylum EAD Rules

| Plaintiffs' Description of Rule Change in Complaint | Defendants' Description of Rule Change<br>*See* Timeline Repeal Rule, 85 Reg. 37,505; Broader EAD Rule, 85 Fed. Reg. at 38,598-600 | Defendants' Description of Baseline (Previous Rule)<br>*See* Timeline Repeal Rule, 85 Reg. 37,505; Broader EAD Rule, 85 Fed. Reg. at 38,598-600 |
|---|---|---|
| **Timeline Repeal Rule**<br>Compl. ¶ 71 | USCIS is eliminating the provision for the 30-day adjudication timeframe and issuance of initial EADs for pending asylum applicants. | USCIS has a 30-day initial EAD adjudication timeframe for applicants who have pending asylum applications. |
| **365-Day Waiting Period**<br>Compl. ¶ 70 | All [applicants] seeking a (c)(8) EAD based on a pending asylum application wait 365 calendar days from the receipt of their asylum application before they can file an application for employment authorization. | 150-day waiting period plus applicant-caused delays that toll the 180-day Asylum EAD Clock. |
| **One-Year Filing Bar**<br>Compl. ¶ 75 | For [applicants] who file their asylum application on or after the effective date of this rule, exclude from (c)(8) EAD eligibility [noncitizens] who have failed to file for asylum for one year unless and until an asylum officer or IJ determines that an exception to the statutory requirement to file for asylum within one year applies. | No such restriction. |
| **EWI Bar**<br>Compl. ¶ 76 | Exclude from (c)(8) eligibility [applicants] who entered or attempted to enter the United States at a place and time other than lawfully through a U.S. port of entry on or after the effective date of this rule, with limited exceptions | No such restriction. |
| **EAD Criminal Bar**<br>Compl. ¶ 77 | In addition to aggravated [felonies], also exclude[s] from (c)(8) eligibility [applicants] who have committed certain lesser criminal offenses on or after the effective date of this rule. | [Applicants with aggravated felonies] are not eligible. |
| **Deem Complete Removal**<br>Compl. ¶ 84 | Removing [] provision that application for asylum will automatically be deemed ''complete'' if USCIS fails to return the incomplete application to the [applicant] within a 30-day period. | Application for asylum is automatically deemed ''complete'' if USCIS fails to return the incomplete application to the [applicant] within a 30-day period. |

1

**Summary of Rule Changes in Asylum EAD Rules**

| Plaintiffs' Description of Rule Change in Complaint | Defendants' Description of Rule Change *See* Broader EAD Rule, 85 Fed. Reg. at 38,598-600 | Defendants' Description of Baseline (Previous Rule)*See* Broader EAD Rule, 85 Fed. Reg. at 38,598-600 |
|---|---|---|
| **Applicant-Caused Delay Denial** Compl. ¶ 87 | Applicant-caused delays unresolved by the date the EAD application is filed result in denial of the application for employment authorization. Examples of applicant-caused delays include, but are not limited to the list below: <br><br>1. A request to amend a pending application for asylum or to supplement such an application if unresolved on the date the (c)(8) EAD application is adjudicated; <br>2. An applicant's failure to appear to receive and acknowledge receipt of the decision following an interview and a request for an extension to submit additional evidence, and; <br>3. Submitting additional documentary evidence fewer than 14 calendar days prior to asylum interview. <br><br>An applicant's failure to appear for an asylum interview or biometrics services appointment may lead to the dismissal or referral of his or her asylum application and may be deemed an applicant-caused delay affecting employment authorization eligibility. | Applicant-caused delays toll the 180-day Asylum EAD clock. No regulatory restriction on how close to an asylum interview applicants can submit additional evidence. <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No such restriction. |
| **Discretionary Denials** Compl. ¶ 89 | Provides USCIS discretion to grant (c)(8) EAD applications consistent with INA 208(d)(2). | Current regulations do not give the agency discretion to issue (c)(8) EADs. 8 CFR 274a.13(a)(1) currently states: The approval of applications filed under 8 CFR 274a.12(c), *except for 8 CFR 274a.12(c)(8)*, are within the discretion of USCIS. |

## Summary of Rule Changes in Asylum EAD Rules

| Plaintiffs' Description of Rule Change in Complaint | Defendants' Description of Rule Change *See* Broader EAD Rule, 85 Fed. Reg. at 38,598-600 | Defendants' Description of Baseline (Previous Rule) *See* Broader EAD Rule, 85 Fed. Reg. at 38,598-600 |
|---|---|---|
| **Recommended Approval Removal** Compl. ¶ 94 | USCIS would no longer issue grants of recommended approvals as a preliminary decision for affirmative asylum adjudications. As such, [applicants] who previously could apply early for an EAD based on a recommended approval now will be required either to wait 365 days before they could apply for an EAD based on a pending application, or wait until they are granted asylum (if the asylum grant occurs earlier than 365 days). | [Applicants] who have received a notice of recommended approval are able to request employment authorization prior to the end of the waiting period for those with pending asylum applications. |
| **Parolee EAD Removal** Compl. ¶ 95 | [Applicants] who have been paroled into the United States after being found to have credible fear or reasonable fear of persecution or torture may not apply for employment authorization under 8 CFR 274a.12(c)(11). They may, however, continue to apply for an EAD under 8 CFR 274a.12(c)(8) if their asylum application has been; pending for more than 365 days and they meet the remaining eligibility requirements. | DHS policy guidance since 2017 [] instructs that when DHS exercises its discretion to parole such [noncitizens], officers should endorse the Form I–94 with an express condition the employment authorization not be provided under 8 CFR 274a.12(c)(11). |
| **Biometrics Requirement** Compl. ¶ 97 | Asylum applicants applying for (c)(8) employment authorization must submit biometrics at a scheduled biometrics services appointment. | No such requirement. However, there is a requirement to submit biometrics with an asylum application. |
| **Limited EAD Validity** Compl. ¶ 103 | When a USCIS asylum officer denies or dismisses an [applicant's] request for asylum, the (c)(8) EAD would be terminated effective on the date the asylum application is denied. If a USCIS asylum officer refers the case to an IJ and places the [applicant] in removal proceedings, employment authorization will be available to the [applicant] while the IJ adjudicates the asylum application. | An asylum applicant's EAD terminates within 60 days after a USCIS asylum officer denies the application or on the date of the expiration of the EAD, whichever is longer. When an asylum officer refers an affirmative application to an IJ, the application remains pending and the associated EAD remains valid while the IJ adjudicates the application. |

**Summary of Rule Changes in Asylum EAD Rules**

| Plaintiffs' Description of Rule Change in Complaint | Defendants' Description of Rule Change<br>*See* Broader EAD Rule, 85 Fed. Reg. at 38,598-600 | Defendants' Description of Baseline (Previous Rule)<br>*See* Broader EAD Rule, 85 Fed. Reg. at 38,598-600 |
|---|---|---|
| **Limited EAD Validity**<br><br>Compl. ¶ 103<br><br>(Cont'd) | If the IJ denies the asylum application, employment authorization would continue for 30 days after the date the IJ denies the application to allow for appeal to the BIA. If the [applicant] files a timely appeal of the denied asylum application with the BIA, employment authorization eligibility would continue through the BIA appeal.<br><br>Employment authorization would not be granted after the BIA affirms a denial of the asylum application and while the case is under review in Federal court, unless the case is remanded to DOJ-EOIR for a new decision.<br><br>USCIS will, in its discretion, determine validity periods for initial and renewal EADs but such periods will not exceed two years. USCIS may set shorter validity periods.<br><br>For asylum applications denied, any EAD that was automatically expended [] based on a timely filed renewal application will automatically terminate on the date the asylum officer, the IJ, or BIA denies the asylum application, or on the date the automatic extension expires (which is up to 180 days), whichever is earlier. | 8 C.F.R. 208.7(b)(2) provides that when an IJ denies an asylum application, the EAD terminates on the date the EAD expires, unless the asylum applicant seeks administrative or judicial review.<br><br>Asylum applicants are currently allowed to renew their (c)(8) EADs while their cases are under review in Federal court.<br><br>No such restriction.<br><br>For asylum applications denied, an EAD that was automatically extended [] will terminate at the expiration of the EAD or 60 days after the denial of asylum, whichever is longer. |

4