August 17, 2020

Hon. Paula Xinis
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

Re:  *CASA v. Wolf*, 8:20-cv-2118-PX

Dear Judge Xinis:

Plaintiffs submit this letter brief as ordered (ECF No. 53) to request that the Court issue time-limited preliminary relief postponing the effective dates of the challenged rules pending summary judgment, either in the form of a Temporary Restraining Order ("TRO") or 5 U.S.C. § 705 relief under the Administrative Procedure Act ("APA"). Absent preliminary relief, the first of the challenged rules will take effect August 21, resulting in irreparable harm. Although Plaintiffs believe that nothing precludes the Court from issuing the same remedies after that date, some courts have suggested that remedial authority is circumscribed if the status quo changes. *See Boansi v. Johnson*, No. 2:14-CV-47-BO, 2014 WL 6883133, at *2 (E.D.N.C. Dec. 3, 2014). In light of this and the showing of irreparable harm, Plaintiffs request that the Court grant preliminary relief on or before Thursday, August 20. A proposed order is attached as Exhibit A.

**1. Plaintiffs Are Entitled to Time-limited Preliminary Relief Pending Summary Judgment.**

A TRO and a § 705 postponement are remedies that exist to preserve the status quo for a limited time while the Court considers summary judgment (or other relief). Section 705 grants the Court broad and flexible authority to "preserve status or rights pending conclusion of" judicial review, "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury." *Id.* This authority includes the "postpone[ment of] effective date[s]" of rules until summary judgment. *Id.*; *see, e.g.*, *FBME Bank Ltd. v. Lew*, 209 F. Supp. 3d 299, 310 (D.D.C. 2016) (§ 705 postponement granted to "enable thorough judicial review"); *Mich. Citizens for an Indep. Press v. Thornburgh*, No. CIV. A. No. 88-2322, 1988 WL 90388, at *8 (D.D.C. Aug. 17, 1988) (same to allow time for briefing).

Section 705 also permits courts to enter TROs under Fed. R. Civ. P. 65(b) for the default duration of 14 days to prevent irreparable injury while a court takes the time necessary to reach a decision. *See Native Angels Home Health, Inc. v. Burwell*, No. 5:15-CV-234-FL, 2015 WL 12910710, at *1 (E.D.N.C. June 4, 2015) ("Section 705 allows the court to issue TROs . . . pending agency review."); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974) (describing TROs as "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing"); *see also AES Sparrows Point LNG, LLC v. Smith*, 539 F. Supp. 2d 788, 792 (D. Md. 2007) (consent TRO granted pending summary judgment), *rev'd on other grounds*, 527 F.3d 120 (4th Cir. 2008).

The preliminary injunction factors that the parties briefed govern TROs and § 705 postponements. *See Native Angels Home Health, Inc.*, 2015 WL 12910710, at *2. Here:

1

- ***Success:*** Plaintiffs are likely to succeed on at least one, if not more, of the claims. Indeed, the GAO Report issued just before the hearing independently corroborates Plaintiffs' claims that Defendant Wolf had no authority to issue the rules.
- ***Irreparable harm:*** Plaintiffs have shown, through five uncontroverted declarations, that they and their members will suffer irreparable harm if the rules take effect. At the August 14 hearing, Defendants conceded that they do not challenge membership standing or irreparable harm to members and that they challenge irreparable harm only insofar as *CASA v. Trump*, __ F.3d. __, No. 19-2222, 2020 WL 4664820 (4th Cir. Aug. 5, 2020), forecloses organizational standing. But *CASA* did not change the law: an injury to an organization resulting from a voluntary shift in programming is not cognizable under *Lane v. Holder*, 703 F.3d 668, 675 (4th Cir. 2020), but a challenged action that requires an organization to change its program imposes harm that *is* cognizable under *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982). This case falls into the latter category because the harms here are different in scope and kind from those before the Fourth Circuit in *CASA*: the rules will impair CASA's ability to operate its existing job training and financial aid programs, CASA Decl. (ECF No. 24-4) ¶¶ 31-34, and will impair the remaining Plaintiffs' ability to provide ongoing legal services because the provision of those services will become more burdensome and many of their clients will no longer be able to pay for the services, *see e.g.*, Oasis Decl. (ECF No. 24-7) ¶¶ 44-47; Centro Legal Decl. (ECF No. 24-6) ¶¶ 17-22, 27-37; Pangea Decl. (ECF No. 24-8) ¶¶ 17-39; ASAP Decl. (ECF No. 24-5) ¶¶ 39-42.
- ***Public interest and balance of hardships:*** These factors weigh strongly in favor of a short postponement of the rules' effective dates. Relief limited to Plaintiffs would disturb the status quo and sow confusion by imposing a different regulatory scheme depending on the provider. *Compare, e.g.*, *Texas v. United States*, 787 F.3d 733, 768-69 (5th Cir. 2015) (finding that a partial injunction of an immigration policy would be ineffective because beneficiaries move between states). A temporary postponement of the rules would preserve the status quo for all and avoid the burdens that would result from the rules drastically changing the regulatory scheme while the Court resolves the pending motion. A short postponement would not implicate the concerns raised in dicta in *CASA* regarding indefinite preliminary injunctions, 2020 WL 4664820, at *23-29.

**2. A Section 705 Postponement Is Different from a Preliminary Injunction.**

Although the preliminary injunction standard governs § 705 postponements, the concerns about the former expressed in dicta in *CASA*, 2020 WL 4664820, at *23-29, do not apply to the latter. First, although the two remedies look similar in practice, the Supreme Court has recognized the distinction between remedies that "temporar[il]y set[] aside . . . the source of the Government's authority" pending judicial review and injunctions, which impose "a coercive order against the Government." *Nken v. Holder*, 556 U.S. 418, 428-29, 434 (2009) (distinguishing the two despite the "functional overlap" and the identical factors governing a stay and an injunction). A § 705 postponement is not called an injunction for good reason: its purpose and effect are to stay the rules while a court sits as an appellate tribunal over the agency action. *See Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001) ("[W]hen a party seeks review . . . under the APA, the district judge sits as an appellate tribunal"); *Idorsia Pharm. Ltd. v. Iancu*, 393 F. Supp. 3d 445, 448 (E.D. Va. 2019), *aff'd,* 811 F. App'x 650 (Fed. Cir. 2020). This remedy is a "historic

procedure for preserving rights" while allowing courts the time to "responsibly fulfill their role in the judicial process," and it is less intrusive than an injunction, which can subject a federal official to contempt. *Nken*, 556 U.S. at 427 (internal citations omitted); *Thatikonda v. U.S. Citizen & Immigr. Servs.*, No. CV 19-685 (RC), 2020 WL 2126716, at *6 (D.D.C. May 5, 2020) (recognizing that a § 705 postponement is "probably more properly classified as a stay rather than an injunction"); Judge Milan D. Smith, Jr., *Only Where Justified: Toward Limits and Explanatory Requirements for Nationwide Injunctions*, 95 Notre Dame L. Rev. 2013, 2029-30 (2020) (distinguishing § 705 postponements from "an injunction subjecting a federal official to contempt proceedings"); *see also Steffel v. Thompson*, 415 U.S. 452, 466-69 (1974) (distinguishing declaratory judgment from the "strong medicine of the injunction").

Second, facial postponements under § 705 do not implicate concerns regarding the judiciary's exercise of equitable authority in issuing nationwide injunctions because the APA explicitly authorizes "relief from agency action for any person otherwise subject to the action, not just as to plaintiffs." *D.C. v. U.S. Dep't of Agric.*, __ F. Supp. 3d __, No. 20-119 BAH, 2020 WL 1236657, at *34 (D.D.C. Mar. 13, 2020), *appeal filed*, No. 20-5136 (May 14, 2020); *see also Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 562 (D.C. Cir. 2015) (Kavanaugh, J., dissenting in part) (arguing that a § 705 postponement is statutorily authorized and appropriate in the case); Smith, *supra*, at 2029 (criticizing nationwide injunctions while recognizing that § 705 "suggests a congressional thumb on the scale" favoring facial postponement). This remedy is consistent with the review scheme that Congress created in the APA: such cases often proceed promptly to summary judgment without discovery, *see Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.*, 524 F. Supp. 2d 642, 660 (D. Md. 2007), and facial vacatur of a defective rule is the presumptive final remedy under 5 U.S.C. § 706, *see Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1916 n.7 (2020); *Sierra Club v. U.S. Army Corps of Eng'rs*, 909 F.3d 635, 654-55 (4th Cir. 2018);[1] *see also* 5 U.S.C. § 3348(d)(1) (providing that actions taken by a person who is not acting according to the FVRA "shall have no force or effect"). Facial remedies are common in APA cases, *see D.C.*, 2020 WL 1236657, at *32-38; Reply at 15, and for good reason because an as-applied remedy would result in a regulatory scheme that the agency itself would not have intended and would be irrational to administer. *Cf. Harmon v. Thornburgh*, 878 F.2d 484, 494 (D.C. Cir. 1989) (justifying vacatur because of "the fundamental principle that agency policy is to be made, in the first instance, by the agency itself—not by courts, and not by agency counsel").

\*   \*   \*

Plaintiffs are prepared to take any steps to assist the Court in issuing preliminary relief by August 20, including completing additional briefing or appearing for additional argument.

Respectfully submitted,

---

[1] Thus, to the extent that the divided panel in *CASA* leveled broader criticism in dicta against vacatur as a remedy under § 706, 2020 WL 4664820, at *29 n.8, that criticism was contrary to this Circuit's own precedent, as well as legislative and jurisprudential history. *See* Mila Sohoni, *The Power to Vacate a Rule*, 88 Geo. Wash. L. Rev. __ (Sept. 2020) (forthcoming), *available at* https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3599266.

| | |
|---|---|
|   /s/ Mariko Hirose<br>Mariko Hirose*<br>Kathryn Austin*<br>Geroline Castillo*<br>INTERNATIONAL REFUGEE ASSISTANCE PROJECT<br>One Battery Park Plaza, 4th Floor<br>New York, NY 10004<br>Tel: (516) 701-4620<br>Fax: (929) 999-8115<br>mhirose@refugeerights.org<br>kaustin@refugeerights.org<br>gcastillo@refugeerights.org |   /s/ Dennise Moreno<br>Dennise Moreno (Bar No. 21358)<br>(signed by Mariko Hirose with permission of Dennise Moreno)<br>Conchita Cruz*<br>Zachary Manfredi*<br>ASYLUM SEEKER ADVOCACY PROJECT<br>228 Park Avenue S. #84810<br>New York, NY 10003-1502<br>Tel: (305) 484-9260<br>Fax: (646) 968-0279<br>dennise.moreno@asylumadvocacy.org<br>conchita.cruz@asylumadvocacy.org<br>zachary.manfredi@asylumadvocacy.org |
| Justin B. Cox (Bar No. 17550)<br>INTERNATIONAL REFUGEE ASSISTANCE PROJECT<br>PO Box 170208<br>Atlanta, GA 30317<br>Tel: (516) 701-4233<br>Fax: (929) 999-8115<br>jcox@refugeerights.org | Richard W. Mark*<br>Joseph Evall*<br>Katherine Marquart*<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Tel: (212) 351-4000<br>Fax: (212) 351-4035<br>RMark@gibsondunn.com<br>JEvall@gibsondunn.com<br>KMarquart@gibsondunn.com |

*Attorneys for Plaintiffs*
* Admitted *pro hac vice*


cc: All Counsel of Record