September 4, 2020

Hon. Paula Xinis
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

                                                                        Re:     *CASA v. Wolf*, 8:20-cv-2118-PX

Dear Judge Xinis:

        Plaintiffs submit this reply to Defendants' letter brief, ECF No. 65, and attach an index of Plaintiffs' submissions to date (Ex. A) and a cumulative table of authorities (Ex. B) to facilitate the Court's review. We are grateful for the Court's attention to this matter and reiterate our request for a ruling on preliminary relief as soon as possible to alleviate the daily uncertainties Plaintiffs, their clients and members, and the thousands of asylum seekers in the United States are facing.

**Reply to Question 1 re Representational Standing:** Defendants contend that Plaintiffs must "demonstrate standing for each claim [they] seek[] to press and for each form of relief that is sought." ECF No. 65 at 1 (citing *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017)). Plaintiffs have done so here: the claims that Plaintiffs press are procedural deficiencies that caused them harm, and the relief they seek is vacatur. *See* ECF No. 66. None of the cases Defendants cite undermines Plaintiffs' standing. Defendants rely heavily on *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009), but that case is inapposite—there, the parties settled the only portion of their dispute that caused injury to one of the identified members and failed to adequately identify any other injury from the challenged regulations. *See id.* at 494-96. By contrast, Plaintiffs' uncontested declarations detail existing injury from the Asylum EAD Rules.

        Defendants' resort to the ripeness doctrine is similarly misplaced. This controversy is ripe given that the Asylum EAD Rules are in effect and govern Plaintiffs' members' EAD applications. Moreover, members are experiencing irreparable harm every day that the rules are in effect: the rules affect how they plan *now* for survival and for pursuing their asylum applications given the uncertainty about when, if ever, they can begin to earn income. *See, e.g.*, *Ramos v. Thornburgh*, 732 F. Supp. 696, 699-70 (E.D. Tex. 1989) (being forced to live in poverty and to risk one's asylum case are irreparable harms). If the members were forced to wait until they receive a decision on their asylum or EAD applications to file suit, their harm would be complete and irremediable, which is exactly why it would be error to deny preliminary relief here. *See Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019) (irrecoverable harm is irreparable).

**Reply to Questions 2, 3, and 5 re FVRA and HSA:** Plaintiffs maintain that summary judgment is appropriate on the vacancies-related claims (Counts 2-4) as Defendants do not raise any new arguments.[1] Plaintiffs' claims are fully supported by the GAO report, and by every court to have

---

[1] Defendants do suggest for the first time that issuing the Asylum EAD Rules is not a "function or duty" of the DHS Secretary, ECF No. 65 at 3-4, but Plaintiffs have already briefed this issue, *see* ECF No. 59 at 6 n.7; ECF No. 66 at 4. In any event, the Court need not reach this question given Defendants' concession that if Plaintiffs prevail on the merits of the vacancies-related claims, the

decided similar claims arising from irregular appointments at DHS. *See, e.g.*, *La Clinica De La Raza v. Trump*, No. 19-CV-04980-PJH, 2020 WL 4569462, *4 (N.D. Cal. Aug. 7, 2020); *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 34 (D.D.C. 2020), *gov't appeal voluntarily withdrawn*. Defendants have confirmed that no further factual development is necessary and have now had ample opportunity to air legal arguments. These claims should be decided on summary judgment.

**Reply to Question 4 re Scope of Preliminary Relief:** Defendants again fail to respond meaningfully to the Court's question on how to craft limited preliminary relief. Defendants take the position that the only appropriate remedy is postponement of the rules as to any individual members identified in the CASA and ASAP declarations. ECF No. 65 at 5. But those members are not suing as individual plaintiffs; to give meaning to representational standing, the remedy must run, at minimum, to CASA and ASAP as a whole. The Fourth Circuit itself recognized that if CASA had organizational standing in *CASA de Maryland, Inc. v. Trump*, a narrower remedy could have been an injunction with respect to *all* of CASA's members, No. 19-2222, 2020 WL 4664820, at *29 (4th Cir. Aug. 5, 2020)—but here, Defendants concede that such limited relief would be unworkable, *see* ECF 65 at 5 (noting that "an injunction that would apply more broadly to all of CASA and ASAP's unidentified members may not be feasible"). Given the plain language of 5 U.S.C. § 705 and its history of use in regulatory cases, the postponement of the rules in their entirety is appropriate here,[2] whether based on organizational standing and/or representational standing.

**Conclusion**: Plaintiffs recognize that there are several requests for relief now pending before the Court. Plaintiffs suggest the following two possible paths forward:

1. The Court could grant Plaintiffs a 14-day TRO pending summary judgment, which would be a temporary restraint not subject to appeal, while the Court decides the summary judgment motion on the vacancies-related claims. A favorable decision for Plaintiffs on summary judgment would not require the Court to reach questions of irreparable harm, balance of harms, or scope of preliminary relief, and would conclude the district court proceedings.
2. The Court could postpone the Asylum EAD Rules under 5 U.S.C. § 705 and set a schedule to reach summary judgment on all claims. Although Plaintiffs are prepared to move as quickly as possible to summary judgment, the schedule would have to take account of production and review of the administrative record and cross-motions for summary judgment, including on claims that Plaintiffs did not raise for purposes of seeking preliminary relief.

---

Court can set aside the rules under the APA without analyzing the "function or duty" language. *See* ECF No. 65 at 3.

[2] As Defendants have conceded, nothing prevents this Court from entering preliminary relief that orders a party that recently disturbed the status quo to reverse their actions. *See League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014).

Respectfully submitted,

| | |
|---|---|
| _/s/ Mariko Hirose_ | _/s/ Dennise Moreno_ |
| Mariko Hirose* | Dennise Moreno (Bar No. 21358) |
| Kathryn Austin* | (signed by Mariko Hirose with permission of Dennise Moreno) |
| Geroline Castillo* | Conchita Cruz* |
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT | Zachary Manfredi* |
| One Battery Park Plaza, 4th Floor | ASYLUM SEEKER ADVOCACY PROJECT |
| New York, NY 10004 | 228 Park Avenue S. #84810 |
| Tel: (516) 701-4620 | New York, NY 10003-1502 |
| Fax: (929) 999-8115 | Tel: (305) 484-9260 |
| mhirose@refugeerights.org | Fax: (646) 968-0279 |
| kaustin@refugeerights.org | dennise.moreno@asylumadvocacy.org |
| gcastillo@refugeerights.org | conchita.cruz@asylumadvocacy.org |
| | zachary.manfredi@asylumadvocacy.org |
| Justin B. Cox (Bar No. 17550) | Richard W. Mark* |
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT | Joseph Evall* |
| | Katherine Marquart* |
| PO Box 170208 | GIBSON, DUNN & CRUTCHER LLP |
| Atlanta, GA 30317 | 200 Park Avenue |
| Tel: (516) 701-4233 | New York, NY 10166-0193 |
| Fax: (929) 999-8115 | Tel: (212) 351-4000 |
| jcox@refugeerights.org | Fax: (212) 351-4035 |
| | RMark@gibsondunn.com |
| | JEvall@gibsondunn.com |
| | KMarquart@gibsondunn.com |

_Attorneys for Plaintiffs_