

**U.S. Department of Justice**
Civil Division
Federal Programs Branch

| **Mailing Address** | **Overnight Delivery Address** |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Bradley Craigmyle  (202) 616-8101
Trial Attorney  Bradley.t.craigmyle@usdoj.gov

**January 25, 2022**

Via CM/ECF

Honorable Paula Xinis
United States District Judge
United States District Court, District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Dear Judge Xinis:

We write to address whether an Acting Secretary of Homeland Security may designate an order of succession under 6 U.S.C. § 113(g)(2).[1]

### I. An Acting Secretary of Homeland Security may perform all the functions and duties of the Secretary's office.

An Acting Secretary may designate a further order of succession under 6 U.S.C. § 113(g)(2) because "an acting officer is vested with the same authority that could be exercised by the officer for whom he acts." *In re Grand Jury Investigation*, 916 F.3d 1047, 1055 (D.C. Cir. 2019); *see also Ryan v. United States*, 136 U.S. 68, 81 (1890) ("It is equally clear that, in the absence of the secretary, the authority with which he was invested could be exercised by the officer who, under the law, became for the time acting secretary of war."); *United States v. McGee*, 173 F.3d 952, 956 (6th Cir. 1999) ("An acting official possesses all the powers that the official would normally possess."); Off. of Legal Counsel, *Acting Officers*, 6 Op. O.L.C. 119, 120 (1982) (same); *United States v. Pellicci*, 504 F.2d 1106, 1107 (1st Cir. 1974) (acting Attorney General ("AG") has "all the powers of that office").

---

[1] The Court need not reach this issue at all if it concludes, as it did at the preliminary-injunction stage, that McAleenan's service violated the applicable order of succession. *See Casa de Md., Inc. v. Wolf*, 486 F. Supp. 3d 928, 960 (D. Md. 2020). As the Court explained, that would mean that McAleenan would have lacked the authority to install Wolf as Acting Secretary, and Wolf thus would have been serving unlawfully when he approved the Broader EAD Rule. *See id.* The Court in *Northwest Immigrant Rights Project ("NWIRP")*, by contrast, reached the issue because the Government argued that, regardless of Nielsen's April 9 order, Wolf was still serving lawfully under an alternative theory. *See NWIRP v. USCIS*, 496 F. Supp. 3d 31, 57–58 (D.D.C. 2020) (describing the alternative theory). Relying on the alternative theory, Wolf then ratified the rule at issue in *NWIRP*. *Id.* at 57–58. Here, the Government does not rely on Wolf's ratification of the Broader EAD Rule. ECF No. 121 at 14 n.7.

This principle underlies all of Congress's vacancy statutes—going back to the Founding—which are designed to allow acting officials to exercise authority that may be exercised only by the officers for whom they act. *See, e.g.*, Act of May 8, 1792, ch. 37, § 8, 1 Stat. 279, 281; Act of Feb. 13, 1795, 1 Stat. 415. It is unsurprising then that Congress assigned the § 113(g)(2) authority to "the Secretary," as opposed to the Secretary *and* the Acting Secretary. We are unaware of any statute that doubly assigns an authority to the Secretary and the Acting Secretary.

There is no textual basis in the Homeland Security Act ("HSA") for treating the Secretary's § 113(g)(2) authority differently from the Secretary's countless other authorities. If an Acting Secretary may not designate an order of succession under § 113(g)(2) because that section refers to "the Secretary," not the Acting Secretary, then under that logic, an Acting Secretary may not exercise any of the authority that the HSA assigns to "the Secretary." Reading § 113(g)(2) this way—and by extension, every other authority assigned to "the Secretary"—would undermine the entire point of acting service. That cannot be what Congress intended.

## II. *NWIRP*'s interpretation of § 113(g)(2) is incorrect, and there is no constitutional problem when an Acting Secretary designates an order of succession.

The court in *NWIRP* rested its atextual reading of § 113(g)(2) on two bases: the Federal Vacancy Reform Act's ("FVRA") exclusivity provision, 5 U.S.C. § 3347; and the supposed constitutional problem with an Acting Secretary (an inferior officer, according the court) appointing another Acting Secretary.

This Court should not adopt *NWIRP*'s analysis.[2] *First*, § 113(g)(2) is clearly an exception to the FVRA's exclusivity rule; it is thus irrelevant that § 113(g)(2) does not expressly vest the Acting Secretary with designation authority. *Second*, whether an inferior officer may appoint another inferior officer has no bearing here because a designation under § 113(g)(2) is not an appointment in the constitutional sense. *Third*, even if an Acting Secretary's designation under § 113(g)(2) were seen as an appointment, that would not create a potential constitutional problem. As the D.C. Circuit held in *In re Grand Jury*, an acting head of an executive Department *is* the head of the Department for purposes of appointing inferior officers under the Appointments Clause. 916 F.3d at 1055.

**1.** The FVRA is generally the "exclusive means for temporarily authorizing an acting officer to perform the functions and duties" of a Senate-confirmed office unless, as relevant here, another statute "expressly" "authorizes . . . the head of an Executive department" to do so. 5 U.S.C. § 3347(a)(1)(A). The HSA expressly authorizes the head of an Executive department—"the Secretary"—to designate an order of succession and makes clear that this authorization applies "[n]otwithstanding" the FVRA. 6 U.S.C. § 113(g)(2).

---

[2] Although the Government dismissed its appeal in *NWIRP*, as the Supreme Court has cautioned, it would be inappropriate to infer that the Government agrees with the decision or thought it would be unlikely to succeed on appeal. *See United States v. Mendoza*, 464 U.S. 154, 161 (1984) ("[T]he government's litigation conduct in a case is apt to differ from that of a private litigant. Unlike a private litigant who generally does not forego an appeal if he believes that he can prevail, the Solicitor General considers a variety of factors . . . before authorizing an appeal.").

The court in *NWIRP* concluded there is no exception for the *Acting Secretary* because reading § 113(g)(2) in that way (a) is inconsistent with the word "expressly" and (b) would create a large exception to the FVRA's exclusivity rule. *See* 496 F. Supp. 3d at 62–64. In doing so, the court misread both the FVRA and the HSA.

**a.** At the outset, the FVRA's exclusivity rule cannot limit the authority in § 113(g)(2) because Congress made clear that the designation authority in § 113(g)(2) operates "[n]otwithstanding" the FVRA. Even if § 3347 did limit § 113(g)(2)'s scope, it still does not support the court's reading in *NWIRP*. The court found it significant that § 113(g)(2) does not expressly authorize an Acting Secretary to designate an order of succession. *NWIRP*, 496 F. Supp. 3d at 63–64. But § 113(g)(2) expressly authorizes the "head of an Executive department," the Secretary of Homeland Security, to designate an acting official. That is all that is required for § 113(g)(2) to come within the exception to the FVRA's exclusivity rule. Whether the Acting Secretary can perform all of the functions of the Secretary is a separate question, and, as explained above (and below), the answer is yes. The FVRA does not require statutes that authorize the designation of acting officials to expressly spell out each of the functions that the acting officials are authorized to perform.

The court in *NWIRP* recognized that "acting officials are typically 'vested with the same authority that could be exercised by the officer for whom he acts'" but still concluded that an Acting Secretary is not vested with the § 113(g)(2) authority. 496 F. Supp. 3d at 64 (quoting *Grand Jury*, 916 F.3d at 1055). It did so by finding that statutes that permit an official to designate an "acting" official (like § 113) somehow vest the acting official with less than all of the vacant office's authority; it contrasted those with statutes that authorize an official to exercise the functions and duties of the vacant office (like the FVRA and 28 U.S.C. § 508), which, the court claimed, do vest the acting official with all of the vacant office's authority. *See id.* at 63–64.

This distinction makes no sense in light of the way Congress authorizes acting service. *Cf. Grand Jury*, 916 F.3d at 1056 (treating an "acting" officer and an officer who was authorized to perform all the duties of an office as one and the same). The language Congress used in § 113(g)(2) is common among vacancy statutes, and Congress regularly designates acting officials without expressly saying they may perform the functions or duties of the vacant office.[3] The Senate Committee Report even listed many exceptions to the exclusivity rule that use "acting" or "acts for" constructions.[4] The logic of *NWIRP* would reach all of these statutes. There is no reason to think Congress intended to create exceptions to the FVRA's exclusivity rule (including when it created the exception in § 113(g)(2)) and vested acting officials with less authority than the FVRA itself. It is far more likely that Congress, knowing that the Supreme Court had long said that acting officials may perform all the duties of a permanent office, used "acting" and "acts for" to make clear that the acting official may serve only

---

[3] *See, e.g.*, 38 U.S.C. § 304 (Deputy Secretary "shall be Acting Secretary of" VA); 42 U.S.C. § 902(b)(4) (same for Commissioner of SSA); 12 U.S.C. § 5491(b)(5) (similar for Director of CFPB).

[4] *See, e.g.*, 44 U.S.C. § 2103(c) (Deputy Archivist "shall act" as Archivist of NARA); 15 U.S.C. § 633(b)(1) (Deputy Administrator "shall be Acting Administrator" of SBA); 42 U.S.C. § 902(b)(4) (same for Commissioner of SSA ); 31 U.S.C. § 703(c) (Deputy Comptroller General "acts for" Comptroller General); 31 U.S.C. § 502(b)(2) (similar for Director of OMB); 29 U.S.C. § 153(d) (similar for General Counsel of NLRB).

temporarily. *Cf. Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018) ("When Congress used the materially same language in [a statute], it presumptively was aware of the longstanding judicial interpretation of the phrase and intended for it to retain its established meaning.").

**b.** Because § 113(g)(2) is an exception to the FVRA's exclusivity rule, the court in *NWIRP* concluded that it should be read narrowly to minimize the departure from the FVRA. *See* 496 F. Supp. 3d at 62–63 (invoking the canon of interpretation that says exceptions to general policies are usually read narrowly). If that had been Congress's goal, it would not have expressly said that § 113(g)(2) applies "notwithstanding" the FVRA. Regardless, the court overstated the degree to which § 113(g)(2) departs from the FVRA. *See id.* at 62–63 (suggesting that "the lowest-ranking 'officer' in any office or agency within the Department" could designate an order of succession). And the court wrongly claimed that allowing an Acting Secretary to exercise the designation power could mean that the power may pass to "lower-level 'officers' whom the President did not appoint and, perhaps, whom the President has never even heard of." *Id.* at 63.

Section 113 is titled "Other officers," and it creates specific officer positions within the Department, all of which are to be filled through Presidential appointment. *See* 6 U.S.C. § 113(a)–(e). When § 113(g)(2) then authorizes the Secretary to designate "such other officers of the Department" to serve as Acting Secretary, it is referring to the "other officers" whose offices are created and enumerated in § 113.[5] Thus, only those officers are eligible for designation under § 113(g)(2), and all of them are appointed by the President.

**2.** The court in *NWIRP* found that its reading of § 113(g)(2) avoided the constitutional concern of one inferior officer appointing another. 496 F. Supp. 3d at 69. But there is no constitutional concern about that here.

**a.** As a threshold matter, the "designat[ion]" of an "officer[] of the Department" to serve under § 113(g)(2) is properly viewed not as an "appointment" but instead as an assignment of additional duties to someone who already enjoys an appointment to a constitutional office. *See Weiss v. United States*, 510 U.S. 163, 176 (1994) (Senate-confirmed commissioned officers could serve as military judges without second confirmation because they acquired duties in their official capacity that were germane to those of their underlying office); Designation of Acting Dir. of the Office of Mgmt. & Budget, 27 Op. O.L.C. 121, 122 n.3 (2003) (noting that the question whether an acting officer is an officer or employee "does not arise for anyone who is already an 'Officer of the United States' . . . , as any duties arising [from the acting service] can be regarded as part and parcel of the office to which he was appointed" (citing *Weiss*, 510 U.S. at 174)). Because exercising the authority to designate officers under § 113(g)(2) does not involve an "appointment" in the constitutional sense, Appointments Clause requirements do not come into play, and an officer may serve as Acting Secretary without a separate appointment.[6]

---

[5] Section 113(g)(2) contrasts with § 112(b)(1), which permits the Secretary to delegate functions to "*any* officer, employee, or organizational unit of the Department" (emphasis added). To the extent Nielsen's revision of Annex A included officers who are not listed in § 113, they were eligible only for delegations of authority under § 112(b)(1), not for service as Acting Secretary under § 113(g)(2).

[6] McAleenan, the Acting Secretary who designated the order of succession that installed Wolf, was the Senate-confirmed Commissioner of U.S. Customs and Border Protection.

**b.** Even if a designation under § 113(g)(2) were viewed as an appointment in the constitutional sense, an Acting Secretary would be able to exercise the Department head's authority to appoint inferior officers. In *In re Grand Jury*, the D.C. Circuit held that "an Acting [AG] *becomes the head of the Department* when acting in that capacity *because an acting officer is vested with the same authority* that could be exercised by the officer for whom he acts." 916 F.3d at 1055 (emphases added). The court was clear that authority included the constitutional capacity to appoint inferior officers. *See id.* at 1054–55 ("Acting [AG] . . . was the 'Head of Department' under the Appointments Clause as to the matter on which the [AG] was recused."). And that same logic applies equally here. Like the AG, the Secretary is the head of the Department. *Compare* 28 U.S.C. § 503, *with* 6 U.S.C. § 112(a)(2). And like an Acting AG, an Acting Secretary "becomes the head of the Department" by virtue of becoming the Acting Secretary. An Acting Secretary thus has the constitutional authority to appoint inferior officers.

The court in *NWIRP* tried to confine the D.C. Circuit's reasoning to the Deputy Attorney General ("DAG"). It concluded that the DAG, as the Acting AG, could appoint an inferior officer because 28 U.S.C. § 508(a) allows the DAG to "exercise all the duties" of the AG's office. *NWIRP*, 496 F. Supp. 3d at 66–67. The court thus reasoned that the DAG is "at least arguably, the 'Head of the Department' in the constitutional sense." *Id.* at 67. But the AG—not the DAG—is the "head of the Department of Justice," 28 U.S.C. § 503, and the D.C. Circuit was clear: the DAG became the head of the Department only "by virtue of becoming the Acting [AG]," *Grand Jury*, 916 F.3d at 1056, not by virtue of the statutory authority of the office of the DAG itself.

The scope of an acting official's authority does not depend on his underlying office. In *United States v. Nixon*, the Supreme Court explained that "Congress ha[d] vested in the [AG]"—referring to Acting AG Bork, who was the Solicitor General and not the DAG—"the power to appoint subordinate officers," including the "Special Prosecutor" at issue in that case. 418 U.S. 683, 694 (1974). And the First Circuit has held that "a Solicitor General acting as [AG] has no less authority than a [DAG] who is an Acting [AG]." *Pellicci*, 504 F.2d at 1107. The court explained that "[t]here is no basis for concluding that one 'acting' as [AG] has fewer than all the powers of that office." *Id.* So too here.

Finally, as explained above, statutes that allow an official to designate someone as an "acting" official or to "act" as another official are functionally identical to those that vest an official with authority to exercise the functions and duties of a vacant office. Section 508 itself proves the point. For example, § 508(a) expressly designates the DAG as the acting officer, while § 508(b) allows the AG to "designate" a "further order of succession" of officials "to act as [AG]." Courts have found no distinction between acting service under § 508(a) and § 508(b). *See Pellicci*, 504 F.2d at 1107; *cf. McGee*, 173 F.3d at 956; *Grand Jury*, 916 F.3d at 1056. There is thus no textual basis to distinguish § 508 from § 113(g).[7]

---

[7] The court in *NWIRP* ultimately did not reach the issue whether an acting Department head could appoint an inferior officer. *See* 496 F. Supp. 3d at 69. But a decision finding that an acting Department head *cannot* do so would have far-reaching consequences. For example, in at least 73 cases, just within the Departments of Justice and Homeland Security, an acting Department head (other than a DAG or Deputy Secretary) may have appointed inferior officers. *See NWIRP*, Defs.' Suppl. Filing in Resp. to Min. Order of Sept. 25, 2020, ECF No. 80. A finding that these acting Department heads lacked the authority to do so would call into doubt all of these (and presumably more) appointments, as well as numerous actions taken by the appointees.

Respectfully submitted,

Brian M. Boynton
Acting Assistant Attorney General

Christopher R. Hall
Assistant Branch Director

*/s/ Bradley Craigmyle*
Bradley Craigmyle (IL 6326760)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 11216
Washington, D.C. 20005
Telephone: (202) 616-8101
Facsimile: (202) 616-8460
Bradley.T.Craigmyle@usdoj.gov

*Counsel for Defendants*