IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA DE MARYLAND, INC., *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 8:20-cv-2118-PX |
| | * | |
| ALEJANDRO MAYORKAS, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiffs brought this suit nearly three years ago to challenge the validity of newly enacted asylum applicant rules issued by the U.S. Department of Homeland Security ("DHS") under the previous presidential administration. On September 11, 2020, this Court preliminarily enjoined DHS from enforcing several parts of the challenged rules against the members of Plaintiff organizations Casa de Maryland, Inc. ("CASA") and Asylum Seekers Advocacy Project ("ASAP"). ECF Nos. 69 & 70. Thereafter, the United States District Court for the District of Columbia vacated the entire challenged rule scheme. *See Asylumworks v. Mayorkas*, 590 F. Supp. 3d 11 (D.D.C. 2022) ("*Asylumworks*").

The vacatur of the challenged rules renders them a nullity. Consequently, Defendants Secretary of Homeland Security and DHS (collectively, "Defendants" or the "Government") now move to dissolve the preliminary injunction and dismiss the Complaint as moot. ECF No. 202. Plaintiffs contend that the matter is not moot, and that this Court should grant them summary judgment or alternatively hold Defendants in contempt for failure to comply with the Court's preliminary injunction. ECF No. 189. The motions are fully briefed, and no hearing is

necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court GRANTS Defendants' motion and DENIES Plaintiffs' motion as moot.

### I.  Background[1]

On July 21, 2020, five non-profit organizations challenged the validity of DHS rules that changed the employment authorization document ("EAD") application process for asylum seekers ("2020 Asylum EAD Rules" or "2020 Rules"). ECF No. 1.[2] The Complaint averred that the 2020 Rules violated the Administrative Procedure Act ("APA"), the Federal Vacancies Reform Act ("FVRA"), and the Homeland Security Act ("HSA"). *Id.* Plaintiffs requested vacatur of the rules and companion injunctive relief. *Id.* Three days later, Plaintiffs moved for a preliminary injunction to prevent the 2020 Rules from taking effect. ECF No. 23.

On September 11, 2020, the Court granted in part and denied in part Plaintiffs' motion. ECF Nos. 69 & 70. After finding that CASA and ASAP maintained representational standing to challenge six of the 2020 rule changes, the Court preliminarily enjoined Defendants from enforcing those new rules solely as to CASA and ASAP members. ECF No. 69 at 64–66.

Thereafter, the parties cross-moved for summary judgment. ECF Nos. 107, 127, 130. While those motions were pending, the United States District Court for the District of Columbia vacated the 2020 Asylum EAD Rules in their entirety. *See Asylumworks v. Mayorkas*, 590 F. Supp. 3d 11 (D.D.C. 2022). The parties then agreed that their cross-motions for summary judgment should be dismissed as moot, but Plaintiffs requested additional time to assess whether a case or controversy still existed considering the *Asylumworks* rules vacatur. ECF No. 170.

---

[1] The Court construes the averred facts in the light most favorable to Plaintiffs. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

[2] This case has lengthy and tortured history. The Court recites only the essential facts pertaining to this motion and otherwise incorporates the facts and procedural history previously recited in its Memorandum Opinion at ECF No. 69.

This Court next issued an updated briefing schedule to allow the parties to file new dispositive motions. ECF No. 175. On August 26, 2022, the Government sought to stay the briefing schedule until the *Asylumworks* court resolved a post-judgment motion challenging the Government's compliance with the Court's vacatur order. ECF No. 185. Specifically, the *Asylumworks* Plaintiffs sought an injunction compelling the Government to update the online version of the Code of Federal Regulations ("e-CFR"), the Form I-765 Application for Employment Authorization ("Form I-765"), and the Form I-765 instructions so as to reflect the vacatur of the 2020 Rules. *Asylumworks*, No. 20-3815-BAH (D.D.C.), at ECF No. 47 (July 22, 2022).

The Government also wanted this Court to wait until the resolution of a pending motion in *Rosario v. USCIS*, No. 15-813-JLR (W.D. Wash.) ("*Rosario*"), a class action that challenged the Government's compliance with the pre-2020 requirement to process EAD applications within 30 days ("30-day Rule"). *See Rosario v. USCIS*, 365 F. Supp. 3d 1156 (W.D. Wash. 2018). Because *Asylumworks* vacated the 2020 Rules, the 30-day Rule is reinstated. *Asylumworks*, 590 F. Supp. 3d at 26. Accordingly, the *Rosario* Plaintiffs moved to hold the Government in contempt of the court's 2018 injunction enforcing the 30-day processing deadline. *Rosario*, No. 15-813-JLR (W.D. Wash.), at ECF No. 196 (Aug. 25, 2022). In light of that motion, and the *Asylumworks* motion to enforce the judgment, the Government requested the stay because "most if not all of Plaintiffs' grievances are currently being litigated" in *Asylumworks* and *Rosario*. ECF No. 185 at 11.

On September 9, 2022, Plaintiffs opposed the motion to stay and renewed their motion for summary judgment, urging that this Court, too, should vacate the already vacated 2020 Rules. ECF No. 189. Plaintiffs maintain that their claims are not mooted by the *Asylumworks* vacatur

because the Government has not modified the requisite forms and instructions to reflect the repeal of the rules.  *Id.* at 5.  Plaintiffs also maintain that their claims are not moot because Defendants are not complying with the 30-day Rule.  *Id.*  Thus, according to Plaintiffs, neither *Asylumworks* nor *Rosario* afford asylum applicants "complete relief."  *Id.* at 20.

Since then, the Government has modified the Form I-765 and the accompanying instructions, as well as the USCIS website, to remove references to the vacated 2020 Asylum EAD Rules.  *See USCIS Released Revised Editions of Forms I-589 and I-765*, USCIS (Sept. 7, 2022), https://www.uscis.gov/newsroom/alerts/uscis-released-revised-editions-of-forms-i-589-and-i-765.  The Government also published a final rule in the e-CFR which reflects its adherence to the vacatur of the 2020 Asylum EAD Rules.  Asylum Application, and Employment Authorization for Applicants; Implementation of Vacatur, 87 Fed. Reg. 57795 (Sept. 22, 2022).

Thereafter, the Government filed its motion to dismiss the Complaint and dissolve the preliminary injunction, arguing the claims are fully mooted.  ECF No. 202.  Plaintiffs disagree, claiming that this case is not mooted because the Government continues to violate the 30-day Rule as to its members, and the Form I-765 instructions still generate confusion about which rules apply.  ECF No. 210 at 3–4 (citing ECF No. 189-1 at 10–11).

**II.     Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim."  *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).  The plaintiff bears the burden of establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

If "a claim fails to allege facts upon which the court may base jurisdiction," the court must dismiss the action. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

In determining whether jurisdiction exists, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted). Where the defendant contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," the Court construes the complaint facts as true and most favorably to the plaintiff. *Adams*, 697 F.2d at 1219. Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

**III.   Analysis**

The doctrine of mootness derives from Article III of the Constitution, which limits federal court jurisdiction to "actual cases or controversies." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (citing U.S. Const. art. III, § 2). A case becomes moot if, at any point during the litigation, "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Where changed circumstances remove any possibility that the plaintiff continues to suffer a "personal injury fairly traceable to the defendant's allegedly unlawful conduct…likely to be redressed by the requested relief," the claim is mooted and dismissal is warranted. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013); *see also Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) ("A change in factual circumstances can moot a case on appeal, such as when the plaintiff receives

5

the relief sought in his or her claim, or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff.") (internal citations omitted).

Here, Plaintiffs have obtained all relief that they requested in the Complaint. Centrally, Plaintiffs contended that the 2020 Asylum EAD Rules must be vacated—a remedy that the *Asylumworks* Court has granted and which applies to *all* asylum applicants, including those whom the organizational Plaintiffs serve. ECF No. 1 at 53. And because the time for the Government to appeal the *Asylumworks* decision is long past, the vacatur constitutes a final order, which means that the 2020 Rules at the heart of Plaintiffs' Complaint no longer have any force and effect. *See Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016) ("[W]hen an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot."). Because this Court cannot vacate an already vacated rule, this case is moot.

Plaintiffs nonetheless argue that even though the 2020 Asylum EAD Rules are vacated, this case lives on because the Government has not updated the relevant EAD application forms, instructions, and website, and so continues to implement the 2020 Rules. ECF No. 210 at 7. Even if this argument conceptually succeeds, it fails in practice. Every claimed Government deficiency has now been remedied. *See USCIS Released Revised Editions of Forms I-589 and I-765*, USCIS (Sept. 7, 2022), https://www.uscis.gov/newsroom/alerts/uscis-released-revised-editions-of-forms-i-589-and-i-765; Asylum Application, and Employment Authorization for Applicants; Implementation of Vacatur, 87 Fed. Reg. 57795 (Sept. 22, 2022). Thus, even if Plaintiffs' claims somehow stretch to cover the Government's slow response to *Asylumworks*,

the Government has corrected the forms and website to bring them into compliance with the vacatur of the rule.[3]

Plaintiffs nonetheless press that two other claimed injuries keep this case alive. First, Plaintiffs argue that the Government's continued failure to process its members' EAD applications within the 30-day timeline results from a pre-vacatur "backlog" and the Government's post-vacatur failure to prioritize its members' applications. ECF No. 210 at 7. But this claimed injury stems not from the application of the 2020 Asylum EAD Rules, but from the Government's supposed failure to follow the predecessor 30-day Rule. As the *Rosario* lawsuit makes clear, a "backlog" in applications predated the 2020 Rules. *Rosario*, 365 F. Supp. 3d at 1163. Accordingly, because the claimed backlog predated the enactment of the 2020 Rules, the continued backlog is not traceable to the 2020 Rules.[4]

Plaintiffs nonetheless contend that the Court's preliminary injunction somehow entitles their members to preferential treatment over other asylum applicants because the injunction specifically ordered the processing of their members' EAD applications within 30 days. ECF No. 210 at 9 (arguing that the Government's "reallocating processing resources away from Member EAD applications to non-Member applications" violates the Court's preliminary injunction); ECF No. 189-1 at 20–21. But Plaintiffs misunderstand the nature of the Court's injunction. The Court limited the scope of relief to Plaintiffs because the Court was constrained under then-applicable Fourth Circuit precedent from granting relief to all asylum EAD

---

[3] The *Asylumworks* court has recognized as much, denying Plaintiffs' motion to enforce the judgment precisely because the Government's recent updates obviated the need for further enforcement of its judgment. *Asylumworks v. Mayorkas*, No. 20-3815-BAH, 2023 WL 2733722, at *5 (D.D.C. Mar. 31, 2023).

[4] Notably, the Court in *Rosario*, which *does* have jurisdiction over the 30-day rule challenges, has already concluded that the Government was taking "all reasonable steps" to comply with the 30-day timeline for processing EAD applications. *Rosario v. USCIS*, No. 15-813-JLR, 2022 WL 7155126, at *1 (W.D. Wash. Sept. 27, 2022); *Rosario v. USCIS*, No. 15-813-JLR, 2023 WL 2357040 (W.D. Wash. Feb. 14, 2023).

applicants. ECF No. 69 at 64–66. Now that *Asylumworks* has vacated the 2020 Rules entirely such that the predecessor 30-day Rule applies to *all* asylum EAD applicants, Plaintiffs identify no legal authority that entitles their members to faster application processing than any other asylum EAD applicant.

Perhaps sensing the weakness in this argument, Plaintiffs sift through the USCIS website to find some deficiency that they can tie to the vacated 2020 Rules. They now argue that because the revised instructions to the Form I-765 still include language consistent with one of the vacated rules, their claims are not moot. ECF Nos. 210 at 7; 189-1 at 6. The offending I-765 instruction allows the Government "in its discretion," to deny an application if the applicant has "been arrested and/or convicted of any crime." ECF No. 189-18 at 9. This language, say Plaintiffs, is based on the "discretionary denial rule" that was part of the now-vacated 2020 Rules. *See* ECF No. 210 at 7–9. According to Plaintiffs, the inconsistency between this language and the return to the predecessor regulations keeps the matter alive. *Id.*

But the relevant portion of the current I-765 instructions is identical to the instructions in place before the 2020 Rules were passed. ECF No. 202 at 7; *Asylumworks v. Mayorkas*, No. 20-3815-BAH (D.D.C.), ECF No. 57-1 at 8.[5] Any alleged harm stems from the predecessor rules and implementing language, and thus, is not "fairly traceable" to the 2020 Rules. *Already*, 568 U.S. at 91; *see also Asylumworks*, 2023 WL 2733722, at *5 (rejecting the same argument regarding the Form I-765 instructions).

Accordingly, because the 2020 Asylum EAD Rules have been vacated, this case is moot. Further, because this court cannot provide any ongoing effective equitable relief, the preliminary

---

[5] Because the parties in this case reference but do not include in their pleadings the pre-2020 version of the I-765 instructions, the Court takes judicial notice of that provided to the *Asylumworks* Court. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts.").

injunction must be dissolved. *See Stone v. Trump*, 400 F. Supp. 3d 317, 332–33 (D. Md. 2019) (Preliminary injunction may be dissolved when there is a "significant change in circumstances" warranting dissolution, such as when a challenged directive "is no longer in force.").

### IV.     Conclusion

Based on the foregoing, the Court grants Defendants' motion to dismiss, dissolves the preliminary injunction, and denies Plaintiffs' motion for summary judgment or contempt as moot. A separate Order follows.

<u>5/18/2023</u>                                                        <u>          /S/                                      </u>
Date                                                                          Paula Xinis
                                                                                   United States District Judge